IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| § | |
| v. § | No. 3:16-cr-00460-L-2 |
| § | |
| LUCIO RANGEL-GRANADOS, § | |
| #54828-177 § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant Lucio Rangel-Granados's ("Defendant") Motion Seeking a Sentence Reduction for Changes in the Sentencing Guidelines under 18 U.S.C. § 3582(c)(2) and Amendment 821 ("Amendment 821") of the Federal Sentencing Guidelines ("Motion") ("Doc. 77), filed on June 17, 2024. After careful consideration of the Motion and applicable authority, the court **denies** Defendant's Motion.

### I.

On March 14, 2017, Defendant pleaded guilty to (1) conspiracy to possess with the intent to distribute a mixture and substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(C), and (2) possession of a firearm during and in relation to, and in furtherance of, a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). *See* Docs. 40, 44, 45. On October 3, 2017, the Court sentenced Defendant to a total aggregate sentence of 228 months' imprisonment. Doc. 77.

Memorandum Opinion and Order – page 1

On June 17, 2024, Defendant filed this Motion seeking a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 821.[*] As explained below, however, Defendant is not entitled to a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 821.

## II.

Amendment 821 to the Sentencing Guidelines made two changes to chapter 4 of the Sentencing Guidelines related to a defendant's criminal history. *See* U.S.S.G. amend. 821. The Sentencing Commission has made Part A and Part B, Subpart 1, of Amendment 821 retroactively applicable, authorizing eligible defendants to seek a discretionary sentence reduction under 18 U.S.C. § 3582(c)(2). U.S.S.G. amend. 825; *see* U.S.S.G. § 1B1.10.

Part A of the amendment alters Sentencing Guidelines § 4A1.1 to strike the two status points previously assessed under § 4A1.1(d) for defendants who committed their offense while under any criminal-justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. *Id.* pt. A. Part A adds a new subsection (e) that adds one criminal-history point for any defendant who receives 7 or more points and who committed his offense while under any criminal-justice sentence as described above. *Id.*

Part B, Subpart 1, of Amendment 821 adds a new guideline provision to chapter four, U.S.S.G. § 4C1.1 This new guideline authorizes a two-offense-level decrease if a defendant has (1) zero criminal-history points, and (2) did not receive a terrorism adjustment under U.S.S.G. § 3A1.4; (3) did not use violence or credible threats of violence in connection with the offense; (4)

---

[*] Defendant is incarcerated in a Mexican penal institution pursuant to the International Treaty Transfer Program between the United States and Mexico. *See* Doc. 77 at 2; *see also* Treaty on the Execution of Penal Sentences (the "Treaty"), Mex.-U.S., Nov. 25, 1977, T.I.A.S., No. 8718; 18 U.S.C. § 4102(2) (authorizing the Attorney General to transfer certain prisoners "to foreign countries of which they are citizens or nationals" when a treaty is in place). The transferring state has "exclusive jurisdiction over any proceedings, regardless of their form, intended to challenge, modify, or set aside sentences handed down by its courts." *See United States v. Heredia-Lopez*, 8:20CR20, 2024 WL 4625915, at *2 (D. Neb. Oct. 30, 2024) (citing Treaty, Art. VI;18 U.S.C. § 3244(1)). Thus, this court is the appropriate arbiter of Defendant's Motion.

Memorandum Opinion and Order – page 2

the offense did not result in death or serious bodily injury; (5) the offense was not a sex offense; (6) did not personally cause substantial financial hardship; (7) did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon in connection with the offense; (8) the offense was not an offense involving individual rights covered under U.S.S.G. § 2H1.1; (9) did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and (10) did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing enterprise, as defined in 21 U.S.C. § 848. U.S.S.G. § 4C1.1

For defendants who meet the requirements of Amendment 821, Sentencing Guidelines Section 1B1.10(a)(1) authorizes a district court generally to reduce a defendant's sentence in any case in which a defendant is serving a term of imprisonment and the guideline range applicable to the defendant "has subsequently been lowered as a result" of a retroactively applicable amendment to the Guidelines.

Here, Defendant was not assessed any criminal history points for committing the instant offense while under a criminal justice sentence, rendering him ineligible for reduction under Part A of Amendment 821. Further, Defendant's Section 924(c) conviction precludes a reduction under Part B because he "possessed, received, purchased, transported, transferred, sold or otherwise disposed of a firearm or other dangerous weapon in connection with the offense." *See* U.S.S.G. § 4C1.1(a)(7); *see also United States v. Benton*, No. 3:18-cr-239-MOC-DCK, 2024 WL 763300, at *2, n.1 (W.D.N.C. Feb. 21, 2024) (finding defendant ineligible for a sentence reduction under Part B because of his section 924(c) conviction). Thus, Defendant is not eligible for sentence reduction under Amendment 821.

## III.

For the reasons discussed herein, Defendant Lucio Rangel-Granados's Motion is **denied.**

**It is so ordered** this 13th day of Februry, 2025.

Sam A. Lindsay
United States District Judge